UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGGORY SIMS, | ) |
|           Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-00375-WTL-WGH |
| STANLEY KNIGHT, | ) |
|           Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Greggory Sims for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. REF 14-08-0019. For the reasons explained in this Entry, Sims' habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Sims was charged with violating prison rules for possessing an electronic device. Specifically, on August 26, 2014, Officer C. Thompson wrote a Report of Conduct charging Sims with possession of electronic device. The Report of Conduct states:

> On 8/26/14 at approx. 10:50am, I, C. Thompson was conducting a test on Offender Sims, Greggory 979154 assigned computer work station. Offender Sims was using a program called μTorrent which is a[n] internet program and also he had used internet explorer. Also the law library in which he is an assigned clerk was wired to access the internet by using a router and a wireless modem. Offender Sims is also responsible for wiring the law library to network the computers to be able to use the internet. Offender Sims did admit to wiring some law library computers to be in the network with the rest of the computers.

On August 28, 2014, Sims was notified of the charge of possession of electronic device and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Sims was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, Offender Boys, and requested the model number of the wireless modem as physical evidence.

The hearing officer conducted a disciplinary hearing in REF 14-08-0019 on September 3, 2014, and found Sims guilty of the charge of possession of electronic device. In making this determination, the hearing officer considered the offender's statements, staff reports, evidence from witnesses, and photographic evidence of the electronic equipment. The hearing officer recommended and approved the following sanctions: a written reprimand, inter-facility transfer, a 90 day deprivation of earned credit time, and a demotion from credit class I to credit class II.

Sims appealed to the Facility Head and Appeal Review Officer without success.

### C. Analysis

Sims argues that he is entitled to relief because 1) he was denied evidence; 2) he was denied a fair hearing before an impartial decision maker; and 3) the hearing body failed to follow Department of Correction ("DOC") policy requiring progressive discipline. Each of these claims is discussed below.

#### 1. Denial of Evidence

First, Sims argues that he requested the model number of the wireless modem, but instead he was given the model number for an eight port gigabit network switch. Sims argues that this demonstrates that the wireless modem did not exist. However, photographic evidence demonstrated that there was a router attached to the network switch. This, along with the conduct report, was sufficient evidence to sustain his conviction for possession of electronic device, which includes the unauthorized possession, use, and alteration of electronic devices. Under these circumstances the lack of model number for the wireless router is not exculpatory. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied*, 115 S. Ct. 314 (1994). No relief is warranted on this basis.

#### 2. Impartial Hearing

Next Sims argues that he was denied a fair hearing before an impartial decision maker. He explains that he was transferred from the Indianapolis Re-Entry Facility ("IREF") to Putnamville Correctional Facility prior to the disciplinary hearing and that the disciplinary hearing officer that heard Sims' case was from IREF. Sims argues that his case should have been heard by a disciplinary hearing officer at Putnamville. Due process does not require that a hearing officer

from a specific facility review a particular case. Due process requires recusal only where the decision-maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). Sims does not allege that the hearing officer was involved in any way in the circumstances which precipitated the disciplinary charge. No relief is warranted on this basis.

### 3. Progressive Discipline

Finally, Sims argues that the hearing officer failed to use progressive discipline as directed by DOC policy. Unfortunately for Sims, he cannot challenge DOC policy or violations of state law in this habeas petition. This is because violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sims to the relief he seeks. Accordingly, Sim's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Date: 11/9/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GREGGORY SIMS
979154
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel